UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TIMOTHY C. PILLOW, | ) |
| Plaintiff, | ) No. 1:13-cv-00032 |
| | ) Chief Judge Haynes |
| v. | ) |
| DERRICK D. SCHOFIELD, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Timothy C. Pillow, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Derrick Schofield, the Commissioner; Jerry Lester, Warden; Bruce Westbrooks, Associate Warden; Rose Mitchell and Jack Middleton, Disciplinary Hearing Officers; Christina Totty, Internal Affairs Agent; and Ursila Stokes and Sharon Smith, Disciplinary Board Members. The Plaintiff alleges that the Defendants violated the Plaintiff's due process and equal protection rights.

## A. Analysis of the Court

According to the complaint, on May 25, 2011, Defendant Totty filed a false disciplinary report concerning the Plaintiff. On June 17, 2011, Defendant Totty issued a second false disciplinary report concerning the Plaintiff. On June 27, 2011, a Class A disciplinary board convened for a hearing on the assault charges filed against the Plaintiff in the second disciplinary report. Defendants Stokes and Smith were the board members, and Defendants Mitchell was the hearing officer. Defendant Middleton attended the hearing "to supervise staff to ensure that finding of guilt was entered," but his attendance was not noted on the record. (Docket No. 1, Complaint at 15).

Plaintiff alleges that there was not any evidence properly introduced or considered to support

a finding of "guilty" against the Plaintiff. Defendants Stokes, Smith, Totty, and Middleton allegedly falsely recorded the proceeding in Plaintiff's absence. Plaintiff alleges that he was not permitted to call witnesses on his behalf at the hearing. According to Plaintiff, Defendants Schofield and Lester failed to correct these violations of policy that occurred during the Plaintiff's hearing.

Although the specifics are not set forth in the complaint, Plaintiff apparently filed an action in Chancery Court in Hickman County concerning the disciplinary charges and hearing. On May 15, 2012, a Chancery Court Judge determined that the Plaintiff's case was moot because the Defendants submitted an affidavit stating that the Plaintiff would receive a new hearing. (Exhibit 3 to Docket No. 1). Plaintiff alleges that the charges against him were dropped, but that he remains subject to a number of punishments, including thirty (30) days of segregation, termination of his prison job, loss of wages from job termination, one hundred and eighty (180) day loss of earned good time credits, and destruction of personal property. (Docket No. 1 at pp. 1-25).

## B. Conclusions of Law

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v.*

2

*McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(I)-(ii).

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff asserts equal protection and due process claims. For an equal protection claim, Plaintiff must allege that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988). The Plaintiff here does not allege that he was singled out because of his membership in a cognizable group or because of some immutable characteristic over which he has no control. Thus, the Court concludes that Plaintiff's equal protection claims must be dismissed. *See El-Amin v. Tirey*, 817 F. Supp. 694, 700 (W.D. Tenn. 1993).

As to the Plaintiff's due process claims, Tennessee prison regulations have been held to create a liberty interest in inmates not being confined to punitive or administrative segregation without due process protections. *Franklin v. Aycock*, 795 F.2d 1253, 1260 (6th Cir.1986) (disciplinary segregation); *Bills v. Henderson*, 631 F.2d 1287, 1294 (6th Cir.1980). Due process therefore requires that a Tennessee prison inmate confined to punitive segregation or deprived of sentence credits be provided a disciplinary hearing in compliance with *Wolff v. McDonnell*, 418 U.S.

539 (1974) and *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). Yet, those alleged procedural irregularities were remedied by dismissal of those disciplinary charges after a state court action. As to Plaintiff allegations of thirty (30) days of punitive segregation and the loss of one hundred and eighty days (180) of good-time credits, the thirty (30) day disciplinary sanction is not actionable because such a sanction is not atypical. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As to the loss of good time credits, that claim impacts the length of Plaintiff's sentence and must be exhausted under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 497 (1973).

For Plaintiff's loss of a job and personal property, such property claims can be recovered under state law and therefore are not actionable as due process claims. In *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985), wherein a state court prisoner sued under § 1983 to recover certain personal property that had been lost, the Court of Appeals stated:

> We believe that the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, see Tenn. Code Ann. § 9-8-207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction.

Id. at 199.

For these reasons, the Court concludes that Plaintiff complaint fails to state a claim upon which relief can be granted as to all Defendants.

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court