UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TIMOTHY C. PILLOW, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:13-0032 |
| v. ) | Senior Judge Haynes/Brown |
| ) | **Jury Demand** |
| DERRICK D. SCHOFIELD, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders, and that any notice of appeal not be certified as taken in good faith.

### BACKGROUND

On April 8, 2015, the Plaintiff filed his complaint against a number of individuals in the prison system *in forma pauperis*. Upon initial review, the Plaintiff was allowed to proceed *in forma pauperis*, but all of his complaints were dismissed with prejudice except for the Plaintiff's claim for loss of sentence credit and property. These claims were dismissed without prejudice for lack of exhaustion. Because of the dismissal of the claims service of process never issued (Docket Entry 4). The Plaintiff subsequently appealed the decision to dismiss his complaint (Docket Entry 10).

On appeal, the Sixth Circuit affirmed the District Court's ruling with the exception that the Sixth Circuit allowed

Plaintiff's claims for damages for loss of good time credit to proceed (Docket Entry 21). This decision was issued as a mandate on July 17, 2015 (Docket Entry 22).

Subsequently, the District Judge referred the matter to the undersigned to enter a scheduling order and to issue a report and recommendation on any dispositive matters (Docket Entry 23).

On August 17, 2015, the undersigned issued an order pointing out that service of process had never been accomplished and the Clerk was directed to send the Plaintiff service packets, and the Plaintiff was directed to return the service packets so that service of process could be issued (Docket Entry 26). This order was sent by both regular and certified mail. The green card for certified mail was returned as having been received at the prison at Wartburg (Docket Entries 27 and 28). As of the date of this report and recommendation the Plaintiff has not returned any service packets in this matter.

The Plaintiff has not provided any new address.[1]

**LEGAL DISCUSSION**

A court must be able to control its dockets and cases at some point must be brought to a conclusion. In this case the Plaintiff was directed to return service packets on August 17, 2015, and it appears that this order was served on him. It is now almost 4 months later and the Plaintiff has taken no further action

---

[1] The prison system indicates that the Plaintiff is presently incarcerated at the Turney Center Industrial Complex, 1499 R.W. Moore Memorial Rt. Highway, Only, Tennessee 37140-4050.

in this case. Although the Plaintiff filed one change of address and requested the status of his case (Docket Entry 20) in September of 2014, the Plaintiff has not provided a new address nor returned the service packets.

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) where the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was given a direct order to return service packets, which he has apparently ignored. The order was sent to the address the Plaintiff provided, and the certified mail was not returned with a notation that the address was invalid. The Plaintiff had provided changes of address previously, so the Plaintiff's failure to provide a change of address, if in fact he had changed his address at the time the order was sent, was his responsibility.

3

No Defendant in this case has been served and the passage of time will certainly not help them prepare a defense.

While the Plaintiff was not specifically warned that failure to obey Court orders could result in dismissal, nevertheless the Plaintiff was clearly on notice that without returning the service of process packets his case could not proceed. Although the Magistrate Judge has considered a dismissal with prejudice as the appropriate sanctions, he will not recommend that the dismissal be with prejudice, but only without prejudice.[2]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

---

[2]It is possible that due to the passage of time, even though a complaint is dismissed without prejudice, the statute of limitations may bar a refiling.

[3]The **Clerk** is directed to send a copy of this Report and Recommendation to the Plaintiff's listed address as well as to the address shown for the prison system at Turney Center.

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 9th day of December, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge